Affirmed and Memorandum Opinion filed January 31, 2008








Affirmed and Memorandum Opinion filed January 31, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00187-CR

____________

 

GARY ALVAREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1021502

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Gary Alvarez, guilty of aggravated
robbery and sentenced him to forty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See
Tex. Penal Code Ann. ' 29.03 (Vernon 2003).  In two issues,
appellant argues the trial court erred in (1) denying appellant=s motion to
suppress the photographic identification and (2) denying appellant=s motion to
suppress the complainant=s in-court identification.  We affirm.    
                                        








Factual and Procedural Background

On the evening of March 14, 2005, Hever Menjivar arrived at
his apartment complex and noticed a Dodge Caravan following closely behind
him.  Menjivar slowed down to allow the van to pass, but instead, the van
stopped in front of Menjivar=s vehicle obstructing his path.  Appellant
emerged from the van, approached the driver=s side window, and
pulled out a gun.  Appellant pointed the gun at Menjivar and demanded money. 
Menjivar complied and gave appellant his wallet, which contained approximately
$100.  Appellant then fled the scene.  Appellant=s van was later
found abandoned.  On March 23, 2005, Officer Clay Spriggs of the Houston Police
Department showed Menjivar a photographic lineup.  After receiving the appropriate
admonishments from Officer Spriggs, Menjivar immediately identified appellant
as the robber.

Appellant moved to suppress evidence of the in-court and
out-of-court identification by Menjivar.  The trial court conducted a pretrial
hearing and overruled the motions to suppress.  Subsequently, a jury found
appellant guilty of aggravated robbery and sentenced him to forty year=s confinement in
the Texas Department of Criminal Justice, Institutional Division.  This appeal
followed.  

Discussion

A.      Did the
Trial Court Err in Denying Appellant=s Motion to
Suppress the Photographic Identification?

Appellant=s first issue challenges the trial court=s denial of his
motion to suppress the out-of-court identification of appellant by Menjivar. 
Appellant argues the photographic identification procedure utilized was
impermissibly suggestive because the photograph of him in the array was
sufficiently distinctive and different from the other photographs.

 








1.       Standard
of Review

We defer to a trial court=s determination of
historical facts supported by the record when the trial court finds facts based
upon an evaluation of the credibility and demeanor of the witnesses.  Loserth
v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998).  We also defer to the
trial court=s rulings on mixed questions of law and fact when they
turn on the credibility of witnesses.  Id.  However, we review de novo
mixed questions of fact and law that do not turn on an evaluation of
credibility and demeanor.  Id.   In this case, the question whether a
pretrial identification procedure was so impermissibly suggestive as to give
rise to a substantial likelihood of misidentification is a mixed question of
law and fact that does not turn on an evaluation of credibility and demeanor.  See
id. at 773.  Accordingly, we apply a de novo standard of review.

To determine whether a pretrial identification was too
suggestive to afford the accused a fair trial, we apply a two-step inquiry: (1)
whether the pretrial identification procedure was impermissibly suggestive and,
if so, (2) whether the impermissibly suggestive procedure gave rise to a
substantial likelihood of irreparable misidentification at trial.  Simmons
v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247
(1968); Barley v. State, 906 S.W.2d 27, 32B33 (Tex. Crim.
App. 1995).  A defendant bears the burden of establishing by clear and
convincing evidence the pretrial identification procedure was impermissibly
suggestive.  Barley, 906 S.W.2d at 33B34.  Furthermore,
the steps require an examination of the totality of circumstances surrounding
the particular case.  Id. at 33.

2.       Analysis








Photo arrays may be suggestive in two general ways.  First,
the content of the array may be suggestive, as when the suspect is the only
person closely resembling the description, or the subjects of the photographs
are grossly dissimilar in appearance to the suspect.  United States v. Wade,
388 U.S. 218, 233, 87 S. Ct. 1926, 1935, 18 L. Ed. 2d 1149 (1967); Barley,
906 S.W.2d at 33.  Second, the identification procedure used in a photo array
may render it suggestive as when an officer points out or otherwise indicates
to the witness that the suspect is included in the array.  Barley, 906
S.W.2d at 33.

A photographic spread should depict persons of the same
race, general skin color, age, and height as the suspect.  Wilson v. State,
15 S.W.3d 544, 553 (Tex. App.CDallas 1999, pet. ref=d).  There is no
standard as to the similarities required of the subjects used in a pretrial
identification procedure, only that there not be a likelihood of irreparable
misidentification.  Id.  Neither due process of law nor common sense
dictates the features of the subjects in a pretrial identification be
identical.  See Buxton v. State, 699 S.W.2d 212, 216 (Tex. Crim. App.
1985).    








Appellant asserts the photo array was impermissibly
suggestive because he was the only one completely bald, he was the only one who
did not have eyebrows or eyelashes, and he was the only one with a teardrop
tattoo around his eye.[1] 
Appellant also points out that several of the other people in the array have
distinguishing marks on their faces.  After viewing the photo array in the
record, we find all the pictures are of Hispanic males with similar features
who appear to be around the same age and have comparable hairstyles.[2] 
In addition, Officer Spriggs drew in a teardrop tattoo on each of the pictures
in an attempt to make the array more similar.  Officer Spriggs testified he
drew the tattoos on each picture so appellant=s tattoo did not
draw Menjivar=s attention.  We conclude appellant has not
demonstrated by clear and convincing evidence the lineup was impermissibly
suggestive.  See Wilson, 15 S.W.3d at 552B54 (holding a
photo array was not impermissibly suggestive despite appellant=s contentions his
skin was the darkest, his head was the largest, his background was the
lightest, he was the only picture with a placard, and he was the only person
with facial hair); Escovedo v. State, 902 S.W.2d 109, 117 (Tex. App.CHouston [1st Dist.]
1995, pet. ref=d) (holding a photo array was not impermissibly
suggestive even though only appellant and one other person had a teardrop
tattoo, only appellant and one other person had the same amount of facial hair,
and appellant was the only person included in both the photo spread and in a
book of photos viewed by complainant); Mallard v. State, 661 S.W.2d 268,
277 (Tex. App.CFort Worth 1983, no pet.) (holding a photo array was
not impermissibly suggestive even though appellant was the only participant who
appeared in a photographic lineup the preceding day and the only participant
who had facial hair).  Accordingly, we overrule appellant=s first issue.

B.      Did the
Trial Court Err in Denying Appellant=s Motion to
Suppress the In-Court Identification?

In his second issue, appellant argues because the
photographic lineup procedure was impermissibly suggestive, Menjivar=s in-court
identification was tainted.  Because we conclude the pretrial identification
procedure was not impermissibly suggestive, we need not address whether the
procedure created a substantial likelihood of misidentification.  See Abney
v. State, 1 S.W.3d 271, 275 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (AA finding that a
challenged pretrial identification procedure was not impermissibly suggestive
eliminates the need to determine whether the procedure gave rise to a very
substantial likelihood of misidentification.@).  Appellant=s second issue is
overruled.      

 

 

 

 








Conclusion

Having overruled appellant=s two issues, we
affirm the judgment of the trial court.

 

 

                                                              

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed January 31, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Boyce. 

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  Appellant also argues because Menjivar=s original description of his attacker was somewhat
different than the pictures presented in the photo spread, the photographic
identification procedure was impermissibly suggestive.  However, this is a
factor to be considered when addressing a substantial likelihood of irreparable
misidentification, which is the second prong of the analysis.





[2]  It is difficult to tell from the record whether
appellant is the only man who is completely bald in the photo spread;
nevertheless, all of the men have very short haircuts or shaved heads.